(24 Misc. Rep. 712.)

### DANANBERG v. REINHEIMER.

(Supreme Court, Appellate Term. October 5, 1898.)

LANDLORD AND TENANT—LIABILITY OF ASSIGNEE OF TERM.

    The assignee of the term is not liable to the landlord for breaches of covenants in the lease which took place prior to the assignment.

Appeal from Fourth district court.

Action by Isaac Dananberg against Isaac Reinheimer. From a judgment of the municipal court of the city of New York, borough of Manhattan, Fourth district, for defendant, on a counterclaim, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Lyman A. Spalding, for appellant.

Samuel Hoffman, for respondent.

BEEKMAN, P. J.  The evidence does not warrant any other conclusion than that the plaintiff went into possession of the demised premises as assignee of the term under a written assignment which bears date February 1, 1898.  As such assignee, therefore, it is clear that he was liable only for breaches of the covenants contained in the lease which took place after the transfer had been made to him.  The trial justice consequently erred in allowing so much of the defendant's counterclaim as was predicated upon violations of the lease which took place prior to the assignment, and for which, therefore, the plaintiff's assignor was alone liable.

The claim is made on behalf of the respondent that the counterclaim should be allowed on the further ground that the plaintiff is suing as assignee of the deposit of $250 which was made by the original lessee with the defendant, his landlord, "to be applied for the payment of the rent for the months of March and April, 1898," and that the assigned claim is subject to reduction by the amount set forth in the counterclaim, which was due from said assignor at the time of the assignment.  The difficulty with this contention is that the action is not brought on any such theory.  The complaint was oral, and was stated to be for money had and received, but the bill of particulars which was afterwards served distinctly shows that the action was not brought to recover the amount of the deposit, but a sum of money actually paid by the plaintiff to the defendant, after the assignment, for rent which accrued under the lease for the months of March and April, 1898; his contention being that the rent for those months had already been paid under the terms of the deposit above mentioned, and that the payment so made by him was made under a mistake of fact.  Upon the facts before us, there seems to be no ground for sustaining so much of the counterclaim as covers the period anterior to the assignment.  It follows that the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.