on this subject might have been as beneficial to one side as to the other; for it was, in effect, a direction to consider the probability that the earning capacity of the plaintiff's intestate might diminish with advancing age, rather than increase.

3. While the damages were liberal, they cannot be pronounced excessive under the circumstances. The death of the plaintiff's husband appears to have deprived her not only of her maintenance, but of a home. The jury were at liberty to find that the good health and exceptional activity of the decedent promised a long life, far exceeding the estimate of the Northampton tables. These and other facts which may have entered into the assessment of damages by the jury lead us to the conclusion that the verdict should not be disturbed.

Order affirmed, with $10 costs and disbursements. All concur.

---

WESTINGHOUSE ELECTRIC & MFG. CO. v. NEW PALTZ & P. TRACTION CO.

(Supreme Court, Trial Term, Dutchess County. July, 1900.)

1. CONVERSION — RAILROAD EQUIPMENT — CONDITIONAL SALE—CONTRACT— RECORDING—PRIOR MORTGAGE—FORECLOSURE—PURCHASE BY BONDHOLDERS—TITLE.

Under Laws 1897, c. 418, which provides that a contract wherein the title to railroad equipment is to remain in the vendor until the price is paid shall be invalid as to subsequent purchasers without notice, unless the contract is in writing and acknowledged and recorded, where plaintiff sold chattels to a railway company under a written contract that the title was to remain in him until the price was paid, and such contract was not recorded, and on the foreclosure of a mortgage, executed prior to the purchase of such chattels, and covering after-acquired property, the road and equipment were bought in by the bondholders, who organized the defendant company, to which they assigned their rights under such purchase, the failure of plaintiff to record his contract gave defendants title to the chattels, and they were not liable for conversion in retaining them.

2. SAME—NOTICE—BONA FIDE PURCHASERS.

The fact that such purchasers were the bondholders did not impute notice to them of plaintiff's claim to the chattels, nor affect their rights as bona fide purchasers.

Action by the Westinghouse Electric & Manufacturing Company against the New Paltz & Poughkeepsie Traction Company for the conversion of chattels. Judgment for defendant.

The New Paltz & Walkill Valley Railway Company obtained the said chattels from the plaintiff under a written contract of conditional sale, i. e. that the title thereto should not pass from seller to buyer until the purchase price had been paid in full in specified installments. Upon delivery of the said chattels the said railway company paid the plaintiff one-third of the purchase price, but never paid any of the balance. Prior to such conditional purchase the said railway company had given a mortgage covering all of its property in the usual terms of such mortgages, viz., in terms, on all the property it then had and on all that it should afterwards acquire, to secure an issue of bonds under such mortgage. That mortgage has been foreclosed since the said conditional purchase of such chattels. The holders of the bonds issued under the said mortgage purchased at the foreclosure sale through a committee appointed by them for that purpose under an agreement among the bondholders to so purchase and organize a new corporation to take the property and run the

railroad. The amount of the bid of the said bondholders at the sale was $10,-000 in excess of the amount of their bonds, and they paid such bid by surrendering such bonds and paying the said $10,000 in cash. They then organized this defendant corporation and assigned their said bid to it, and the foreclosure conveyance was made to it, and it took possession of all of the property, and refused to deliver these chattels to this plaintiff.

Seward, Guthrie & Steele, for plaintiff.

William D. Leonard, for defendant.

GAYNOR, J.   The lien of the railroad company mortgage attached to these after-acquired chattels (Platt v. Railway Co., 17 Misc. Rep. 22, 39 N. Y. Supp. 871; Id., 9 App. Div. 87, 41 N. Y. Supp. 42), but of course only to the extent of the rights the mortgagor acquired therein (U. S. v. New Orleans & O. R. Co., 12 Wall. 362, 20 L. Ed. 434; Fosdick v. Schall, 99 U. S. 235, 25 L. Ed. 339; Myer v. Car Co., 102 U. S. 1, 26 L. Ed. 59). The only right of the said mortgagor in the said chattels was to complete the conditional purchase it had made of them by paying for them in the installments agreed upon, and to have possession of them meanwhile. Until then this plaintiff, the seller thereof to the said mortgagor, retained the title to them. The foreclosure sale could convey only the rights in the said chattels which the mortgagor and mortgagee could unitedly convey. Code Civ. Proc. § 1632; Rector, etc., v. Mack, 93 N. Y. 488. They could not convey a complete title thereto; no more could the foreclosure sale. Ballard v. Burgett, 40 N. Y. 314; Austin v. Dye, 46 N. Y. 500. It follows that this defendant did not through the foreclosure sale get title to the said chattels as against this plaintiff (from whom the title thereto had never passed to the said mortgagor), unless by operation of section 111 or section 112 of the lien law (chapter 418, Laws 1897; chapter 49, Gen. Laws). The former section provides that a contract that the title to "any railroad equipment or rolling stock" sold to a railroad company shall remain in the vendor until the purchase price is paid "shall be invalid as to any subsequent creditor of or purchaser from such vendee * * * for a valuable consideration and without notice," unless such contract is in writing, and acknowledged and recorded as though a real-estate mortgage, in the county in which is located the place of business or principal office of the vendee. This requirement that the contract be acknowledged and recorded was not complied with. The mortgagee, it is true, was not a "subsequent" creditor or purchaser; on the contrary, the mortgage was given by the vendee prior to its conditional purchase of the chattels. But the purchasers at the foreclosure sale (who assigned their bid to this defendant) were "subsequent" purchasers. If the said mortgagor (the conditional vendee) had sold and delivered the said chattels to a purchaser for value and without notice, or if the mortgagor and mortgagee had unitedly done so, such purchaser would have got a perfect title by operation of this statute. It follows that the purchasers at the foreclosure sale got such a title. If the said chattels are not embraced in the said section 111 (i. e. in the words "railroad equipment and rolling stock"), but within section 112 (which is general), the result is the same. The failure to file the agreement as there required makes good the title of "subse-

quent purchasers, pledgees or mortgagees in good faith." That the holders of the bonds purchased at the foreclosure sale does not make a different case. A bondholder, or any creditor of the mortgagor, was on the same footing as a purchaser at such sale as any other third person without notice of this plaintiff's ownership of the chattels. The fact of his being such bondholder or creditor could not impute such notice to him as a purchaser at the foreclosure sale any more than if he had purchased of the mortgagor, or of the mortgagor and mortgagee united, without a foreclosure.

Judgment for the defendant.