### KENNY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   March, 1902.)

APPEAL—EVIDENCE—ADMISSIBILITY—FAILURE TO MAKE OBJECTION.
  Where defendant in a personal injury case brought by an infant failed to raise the objection to evidence of plaintiff's emancipation and loss of earnings that plaintiff's emancipation had not been pleaded, the objection cannot be raised on appeal.

Appeal from city court of New York, general term.

Action by Julia Kenny, an infant, by John G. Howell, her guardian ad litem, against the Metropolitan Street Railway Company. From a judgment of the general term of the city court of the city of New York affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

H. A. Robinson (Theodore H. Lord, of counsel), for appellant.
Herman Gottlieb, for respondent.

GIEGERICH, J. The plaintiff, an infant, while alighting from one of the defendant's cars, was, through the sudden starting of the car, thrown violently to the pavement, and sustained personal injuries, to recover damages for which this action was brought. At the time of the accident it appears that the plaintiff was not quite 20 years of age; that she had left her parents in Ireland more than a year and a half prior thereto; and that since her arrival in this country she had supported herself as a maid servant, neither contributing to the support of her parents nor being requested by them so to do. The loss of earnings flowing as a consequence of the injuries, and the right to recover for the same upon the evidence submitted as to her emancipation, were matters properly within the province of the jury, and, having been determined by them in her favor, with affirmance by the general term, we are concerned only with the question whether there was some proof, sufficient in law, to support the recovery; and, so far as the matter is presented by proper exceptions, we conclude that this proof was furnished.

The counsel for the defendant insist that, since the complaint does not allege the plaintiff's emancipation, damages for loss of earnings cannot be recovered. The record, however, discloses that testimony touching plaintiff's emancipation was received without objection, and that the defendant's counsel did not at any time during the trial object to proof of loss of earnings because her emancipation had not been pleaded. Under these circumstances the defendant cannot raise the question for the first time on appeal. Buckbee v. Railroad Co., 64 App. Div. 360, 365, 72 N. Y. Supp. 217.

The only other exception presented for review has reference to the striking out of certain testimony relating solely to the plaintiff's hesitancy in alighting from the car; and, while not deciding that the words "she hesitated for about a minute" were sufficient to warrant their being stricken out as a conclusion, we are inclined to hold that the error, if any, was not prejudicial to the defendant, and the matter therefore requires no further comment. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.