JULIA KENNY, an Infant, by JOHN G. HOWELL, Her Guardian *ad litem,* Respondent, *v.* THE METROPOLITAN STREET RAILWAY Co., Appellant.

APPEAL by the defendant from a judgment of the General Term of the City Court of the city of New York, affirming a judgment of the Trial Term of that court, in favor of the plaintiff for $571.69 damages and costs, upon the verdict of a jury.

The opinion states the nature of the action and the material facts.

H. A. Robinson (Theodore H. Lord, of counsel), for appellant.

Herman Gottlieb, for respondent.

GIEGERICH, J. The plaintiff, an infant, while alighting from one of the defendant's cars, was, through the sudden starting of

the car, thrown violently to the pavement and sustained personal injuries to recover damages for which this action was brought.

At the time of the accident, it appears that the plaintiff was not quite twenty years of age; that she had left her parents in Ireland more than a year and a half prior thereto and that since her arrival in this country she had supported herself as a maid servant, neither contributing to the support of her parents nor being requested by them so to do.

The loss of earnings flowing as a consequence of the injuries, and the right to recover for the same upon the evidence submitted as to her emancipation, were matters properly within the province of the jury and having been determined by them in her favor, with affirmance by the General Term, we are concerned only with the question whether there was some proof, sufficient in law, to support the recovery, and so far as the matter is presented by proper exceptions, we conclude that this proof was furnished.

The counsel for the defendant insist that since the complaint does not allege the plaintiff's emancipation, damages for loss of earnings cannot be recovered. The record however discloses that testimony touching plaintiff's emancipation was received without objection and that the defendant's counsel did not at any time during the trial object to proof of loss of earnings because her emancipation had not been pleaded. Under these circumstances the defendant cannot raise the question for the first time on appeal. Buckbee v. Third Ave. R. R. Co., 64 App. Div. 360, 365.

The only other exceptions presented for review has reference to the striking out of certain testimony relating solely to the plaintiff's hesitancy in alighting from the car, and while not deciding that the words " she hesitated for about a minute " were sufficient to warrant their being stricken out as a conclusion, we are inclined to hold that the error, if any, was not prejudicial to the defendant, and the matter therefore requires no further comment.

The judgment should be affirmed, with costs.

FREEDMAN, P. J., and GREENBAUM, J., concur.

Judgment affirmed, with costs.