(37 Misc. Rep. 796.)

### HARRIS v. GUNN.

(Supreme Court, Appellate Term. March, 1902.)

1. APPEAL—OBJECTION NOT RAISED BELOW.
     An objection that certain matter of defense was not provable under a general denial could not be raised for the first time on appeal.

2. CITY MARSHAL—SERVICE OF PROCESS—KNOWLEDGE OF DEFECTS—LIABILITY.
     Where a city marshal had personal knowledge of a fatal defect in process under which he seized property he was not protected by it, though regular on its face.

3. CONDITIONAL BILLS OF SALE—REGISTRATION—PURCHASER AT EXECUTION SALE—STATUS.
     A purchaser of personalty at execution sale is not a creditor, but a purchaser, within Lien Law, § 112, requiring the registration of conditional bills of sale as against purchasers, but not against creditors.

Appeal from municipal court of city of New York.

Action by Louis E. Harris against Thomas F. Gunn individually and as marshal. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Maurice J. Katz, for appellant.

Bernstein, Horkimer & Rubenstein (Sigmund Horkimer, of counsel), for respondent.

GIEGERICH, J. The action is for conversion against a marshal of the city of New York for the unlawful seizure of two horses. The plaintiff's assignor, one Schumacher, purchased the horses from one Comisky, also a marshal of the city of New York, who sold them under an execution issued upon a judgment recovered by the former against one Trotto, in an action to foreclose a lien for the board of said horses. Subsequently, and on the 7th day of November, 1900, they were taken from the possession of Trotto (in whose hands Schumacher claims to have left them for hire) by the defendant, and delivered to the firm of Wolff Bros. In so doing the defendant acted under an execution issued upon a judgment in an action for replevin, which had been brought by Wolff Bros. against Trotto and Comisky. The principal question involved in this appeal is whether this execution protected the defendant.

A preliminary objection is raised by the appellant that justification could not be proved under the answer, which was a general denial; but, as this ground was not taken upon the trial, it cannot be taken on appeal. Buckbee v. Railroad Co., 64 App. Div. 360, 365, 72 N. Y. Supp. 217.

Upon the main question in the case the facts are as follows: The judgment which resulted in the execution under which the defendant claims protection was against Comisky only, having been granted upon an inquest. The horses were taken from Trotto, upon whom no service was made. The defendant himself is the marshal who made the return of service on Comisky, which return states that the service was made by leaving true copies of the summons, affidavit, and requisition with one John Doe, a person representing said Comisky as his clerk. On this return judgment by default was entered and execution was issued, under color of which the defendant took the two horses in question from Trotto, and delivered them to the plaintiffs in that action.

The defendant is a marshal whose business it is to make service of papers, and should know that jurisdiction is not obtained by such means as here employed. The rule that a ministerial officer is protected by a process regular on its face cannot be made to cover a case where he personally knows of a fatal jurisdictional defect. Reliance is placed on Earl v. Camp, 16 Wend. 562, where it is said: "Though there be a total want of jurisdiction, if it be not apparent on the face of the process the law will not put them (ministerial officers) to inquire and judge of the case. In general, they ought not to look beyond the process, and in no case need they do so." True, they are not compelled to make inquiry to learn whether any defects underlie the process, but if they have such knowledge they act at their peril if they disregard the facts. If they are chargeable when the total want of jurisdiction is apparent on the face of the process, the case is only the stronger against them where they have direct knowledge of such want of jurisdiction.

It remains to consider one other point, which the respondent contends is enough, irrespective of any question of any protection afforded by the execution, to defeat the plaintiff's case. The horses in question had been sold to Trotto by Wolff Bros. under a conditional bill of sale by which title was reserved in the latter until payment should be made in full, which had never been done. This bill of sale, however, was never filed, and the question is whether this failure to file the instrument makes void its condition as to Schumacher and this plaintiff, his assignor. The respondent bases his contention that it was not necessary to file the paper upon the distinction between creditors and purchasers, and points out that, while chattel mortgages must be filed as against creditors as well as against "subsequent purchasers in good faith" (Lien Law [Laws 1897, c. 418] § 90), this is not the case with conditional bills of sale (Lien Law, § 112), as to which the statute omits the word "creditors."

We do not think, however, that the plaintiff should be classed as a creditor. It is true that Schumacher, his assignee, and the plaintiff in the action which resulted in the execution under which this plaintiff purchased the horses, was only a creditor, and that as to him in that capacity the conditions may have been valid, but it does not follow that this plaintiff stands in the same position. To be sure, the plaintiff obtained his title through a creditor, but it is also true that he obtained title through Trotto, the original vendee, against whom the

creditor secured the execution under which this plaintiff purchased. Had he purchased from Trotto direct, there would be no question of his being a "subsequent purchaser in good faith" within the intent and language of the statute (Lien Law, § 112), and of his title being good. We cannot see that the fact that he bought Trotto's interest under an execution rather than by private purchase should make his position any worse. See Westinghouse Electric & Mfg. Co. v. New Paltz & Poughkeepsie Traction Co., 32 Misc. Rep. 132, 65 N. Y. Supp. 644. The important point is that he parted with value for the property, which circumstance distinguishes this case from Fennikoh v. Gunn, 59 App. Div. 132, 69 N. Y. Supp. 12, and Wise v. Grant, 140 N. Y. 593, 35 N. E. 1078, where it was said that creditors do not, by virtue of the seizure alone, become purchasers for value. See, also, Droege v. Baxter (Sup.) 74 N. Y. Supp. 585. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.