(53 Misc. Rep. 545)

## DUNNE v. ROBINSON.

(Supreme Court, Appellate Term.    April 10, 1907.)

**1. Judgment—Conformity to Pleading.**

Where plaintiff's bill of particulars claimed recovery for the preparation of only one set of building plans, and he introduced in evidence but one set, which it was apparent were prepared in substitution for a former set, and he failed upon trial to move for judgment for preparing the former set, he was not entitled to judgment therefor, though his counsel, in response to an inquiry by the trial justice, stated the claim was for drawing two sets.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 434–445.]

**2. Appeal—Reservation of Ground of Review—Theory of Cause.**

Where plaintiff drew two sets of building plans for defendant, but in suing for compensation treated it as one transaction, on appeal he could not assert a right of recovery for drawing two sets.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1053–1069.]

**3. Contracts—Preparation of Building Plans—Action for Compensation —Sufficiency of Evidence.**

Evidence, in an action for preparing building plans, *held* to warrant a finding that the plans were defective and utterly unfit for use.

**4. Same—Right to Recover Pro Rata.**

Where an architect's plans are grossly defective, he is not entitled to any compensation for his services.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1252, 1253.]

**5. Same—Waiver of Defects.**

That defendant paid plaintiff on account of building plans was no acceptance of them, nor waiver of their defects, where the payment was made without knowledge of their defective character.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1480–1486.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Charles Dunne against Josephine R. Robinson. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Kramer, Bourke & Koch, for appellant.

Samuel H. Wandell, for respondent.

GIEGERICH, J.    The action is to recover the sum of $500, a balance claimed to be due the plaintiff for services as an architect in preparing plans for a store and loft building to be erected upon the defendant's land, situate at Nos. 18 and 20 West Twenty-First street, in the borough of Manhattan.    The pleadings were oral, and the defendant pleaded a general denial, payment, and a breach of contract.

The plaintiff was at first employed to draw plans for a 25-foot building; but the defendant, having acquired title to the adjoining parcel, later retained him to prepare plans for a larger building, of 50 feet frontage.    It is claimed by the plaintiff that compensation for pre-

paring the set of plans for the 25-foot building should have been awarded by the trial justice. In support of such contention plaintiff urges that it was stated by his counsel upon the trial, in response to an inquiry by the trial justice, the claim was for drawing two sets of plans; but this theory of the action is contrary to the bill of particulars furnished by the plaintiff on the defendant's demand, and therefore it cannot prevail. Dananberg v. Reinheimer, 24 Misc. Rep. 712, 53 N. Y. Supp. 794. The bill of particulars reads as follows:

June 20, 1906. Plans, specifications, applications, and permits for
  premises 18–20 West 21st St.................................... $600 00
Received on account........................................... 100 00

    Balance ................................................. $500 00

There is thus no claim for preparing two separate sets of plans, nor are particulars furnished of two items. Moreover, the complaint, which, as seen, was oral, was stated to be for a "balance due for services rendered as architect," thus distinctly showing that recovery was sought on only one cause of action. The plaintiff introduced in evidence but one set of plans, and they related to a 50-foot building, and it is apparent from the evidence that such plans were prepared and filed in substitution for the old plans for the 25-foot building In view of all these circumstances, as well as plaintiff's failure upon the trial to move for judgment in his favor for preparing plans for a 25-foot building, it is manifest that he elected to make the drawing of all the plans one transaction; in other words, an entire contract. The case having been tried on that theory, it is now too late for the plaintiff to claim that he is entitled to compensation for preparing plans for a 25-foot building. Harris v. Gunn, 37 Misc. Rep. 796, 77 N. Y. Supp. 20, and citations; Dananberg v. Reinheimer, supra.

There was ample evidence introduced upon the trial to warrant the justice in finding that the plans so prepared and put in evidence by the plaintiff were defective and utterly unfit for use. No dimensions were noted on them, and the figures and scales did not correspond, and they were full of omissions and inaccuracies. The plaintiff himself admitted that his plans were incomplete, and it appears from the testimony of expert witnesses called by the defendant that such plans could not be used by a builder. The plaintiff further admitted that this was his first large job; that he had previously drawn plans for alterations only, and had never drawn plans from which a building was constructed. It furthermore appears from the evidence that he was also engaged in the iron business, that he had lately been an inspector in the building department, that he was not a member of the Institute of Architects, and that he had had but very slight experience in architectural work. In 6 Cyc. p. 34, it is stated that:

"The undertaking of an architect implies that he possesses skill and ability, including taste, sufficient to enable him to perform the required services at least ordinarily and reasonably well. Accordingly he must exercise in any given case his skill and ability, his judgment, and his taste reasonably and without neglect."

In the same work, at page 35, it is stated that, if the architect prepares specifications, they should be in detail. It is urged by the plain-

tiff, however, that although the defendant may have shown that, by reason of the plaintiff's lack of skill in the preparation of the so-called 50-foot plans, the same were defective, such defects could not defeat all recovery by him in this action. Hubert v. Aitken (Sup.) 5 N. Y. Supp. 840, is cited in support of the position so contended for, but that case is clearly distinguishable from the present one. There the action was for drawing plans and supervising the erection of a building, and the court held that with regard to the plans the contract was fully completed. Drawings for the whole building were furnished, and it was actually constructed in accordance therewith. After the building was finished, it was discovered that himney flues connecting with the boiler flues were not enough for the purpose they were designed. The flues, however, were not omitted from the plans. On the contrary, they were set out in detail. The court stated that it could not be said that the plaintiffs did not completely perform their contract, although they performed it negligently. In the earlier report of the same case (2 N. Y. Supp. 711) it was held that the cost of correcting the defect in the chimney, discovered after construction, should be deducted from the architect's demand; and this view was sustained in the later decision of the case (5 N. Y. Supp. 840). It is difficult to construe such a decision as an authority for the argument of the plaintiff that plans so defective and incomplete as these were shown to be, and containing such omissions of necessary information that they could not be used by a builder, should be paid for pro rata, in the proportion that defective plans bear to perfect ones. The true rule would seem to be laid down in Moneypenny v. Hartland, 1 Car. & P. 352, also 2 Car. & P. 378, and cited with approval in the first report of Hubert v. Aitken, supra, where a surveyor's estimates for work were grossly incorrect, and it was held that he was not entitled to recover for his services. The case of Woodward v. Fuller, 80 N. Y. 312, likewise cited by the plaintiff, is also distinguishable. There the plaintiff substantially performed a contract for alterations of a house, but some of the specifications were not complied with in slight particulars, all such defects being easily remedied; and it was held that the plaintiff could recover the contract price, less damages, the court expressly stating that the rule would be otherwise if the defects pervaded the whole work and were essential, whereby the object of the parties might be defeated.

As above shown, the defects and omissions complained of in the present case run through the entire system of plans furnished by the plaintiff, so that they were useless for the guidance of builders. Under the rule above stated, the plaintiff is not entitled to any compensation therefor. While it appears from the evidence that the defendant paid $100 on account of the plaintiff's alleged services, it was also shown, without contradiction, that such payment was made without knowledge of the defective character of the plans, and hence there was no acceptance of waiver of defects. Cahill v. Heuser, 2 App. Div. 292, 37 N. Y. Supp. 736; 6 Cyc. 69.

I am of opinion that the justice made a proper disposition of this case, and it should therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur.