SIMEON BENJAMIN et al., Appellants, *v.* THE ELMIRA, JEFFERSON AND CANANDAIGUA RAILROAD COMPANY, Respondent.

(Argued June 20, 1873; decided September term, 1873.)

THIS was an action to recover for the alleged conversion of certain property consisting of railroad locomotives, cars and shop machinery.

On the 2d July, 1850, the Canandaigua and Corning Railroad Company executed a mortgage to secure $300,000 of its bonds upon its road, locomotives, cars, shop-machinery, etc. The mortgage, by its terms, covered all such property after acquired as well as that then owned by the company. Several other similar mortgages were subsequently executed by said mortgagor and its successors in interest. Plaintiffs were directors and managing agents of the mortgagor's road, and actively participated in procuring the mortgages to be executed and in negotiating the bonds. Said mortgages were recorded as real estate mortgages, but were not filed as chattel mortgages. Subsequently a chattel mortgage was given to plaintiffs upon the property in question to secure advances made by them. The first mortgage was foreclosed by action to which plaintiffs were made parties defendant; they did not appear or answer therein; other defendants

answered, claiming that the mortgage did not include the rolling stock, but judgment was rendered in favor of the mortgagees. Under said judgment, the property in question was sold with the other property of the company; plaintiffs forbade the sale thereof. Said property was conveyed by the purchasers at such sale to defendant. Plaintiffs demanded it, and, upon refusal to deliver, brought this action. *Held*, that plaintiffs having knowledge of the prior mortgage were not *bona fide* mortgagees, and, having actively participated in the negotiations in reference thereto, could not claim to avoid it because not filed as a chattel mortgage, nor was it in their power to raise any question as to whether it included subsequently acquired property, whatever might be its effect as to subsequent *bona fide* creditors; also that plaintiffs were proper parties to the foreclosure suit, and were estopped by the proceedings and judgment therein from asserting any claim to the property in question.

*Erastus P. Hart* for the appellants.

*Clarkson N. Potter* for the respondent.

Reynolds, C., reads for affirmance.
All concur; Gray, C., not sitting.
Judgment affirmed.