(17 Misc. Rep. 22.)

PLATT et al. v. NEW YORK & S. B. RY. CO. et al.

(Supreme Court, Special Term, Kings County. May, 1896.)

RAILROAD COMPANIES—MORTGAGES—AFTER-ACQUIRED PROPERTY.

Under Laws 1850, c. 140, authorizing railroad companies to borrow money in advance to build their roads, and to issue bonds therefor secured by mortgage on their franchises and property, a mortgage made by a railroad company for such purpose covers after-acquired property, and the rule that a mortgage purporting to cover chattels to be thereafter acquired is only an agreement to give a lien on them as they are acquired does not apply.

Action by William C. Platt and William Man, as trustees, against the New York & Sea Beach Railway Company and others, to foreclose a mortgage. A judgment creditor of defendant railroad company petitions for leave to levy on its cars. Denied.

J. Wamsley, for petitioner.

Jesse Johnson and F. A. Ward, opposed.

GAYNOR, J. The defendant corporation made a mortgage to the plaintiffs in 1885 to secure an issue of bonds to raise money to build and equip its railroad. This action is to foreclose the said mortgage, and upon motion of the plaintiffs a receiver of all of the property of the mortgagor was appointed herein on January 11, 1896. The mortgage, in terms, covers all real and personal property which the mortgagor had, or should thereafter acquire, for the operation of its railroad. Judgment was taken herein on April 14, 1896, for the sale of all of such property. After the appointment of the said receiver, and before the said judgment of foreclosure and sale, the petitioner obtained a judgment against the said company, viz. on February 28, 1896. His petition is, in substance that he be permitted to levy upon cars of the company acquired after the making of the said mortgage, and that the lien of his execution thereon be held superior to the lien of the mortgage, and of the judgment of foreclosure and sale. His contention is that the equitable lien of the mortgage upon after-acquired chattels is inferior to the lien of a judgment creditor. That seems to be so in this state. Farmers' Loan & Trust Co. v. Long Beach Imp. Co., 27 Hun, 89; Distilling Co. v. Rasey, 142 N. Y. 570, 37 N. E. 632. A mortgage purporting to cover chattels to be thereafter acquired by the mortgagor amounts, in that respect, only to an agreement by the mortgagor to give a lien upon them as they are acquired; and, if no such lien be perfected, a judgment creditor gets by his execution a lien superior to the rights of the mortgagee. "As against his possession [under the levy], the equities of the mortgagee are unavailing for any purpose," says the case last cited. The mortgagee has an equitable lien upon such after-acquired chattels, which he may enforce; but, as between such equitable lien and the actual lien of a levy under an execution or an attachment, the latter is superior. The equitable lien must have been perfected, and made an actual lien, in order to be superior to such a levy. This state of the law is founded upon the common-law maxim that a person cannot grant

a thing which he has not; so that such a mortgage cannot be a grant or sale of chattels not then owned by the mortgagor, but is good only as an agreement to make such a grant or sale when it becomes legally possible to do so.    It is obvious that the law, in the respect under consideration, must be the same whether the mortgagor be a corporation or an individual; for the reason of it, viz. the impossibility of granting what one has not, is as applicable to one as to the other.    But, in the case of railroad company mortgages, I think that property acquired after the making of such a mortgage comes at once under its lien.    The statute permits railroad companies to borrow money in advance to build and operate their roads, and to issue bonds therefor, secured by mortgage upon their corporate franchises and real and chattel property.    Chapter 140, Laws 1850.    This certainly contemplates, as the road is to be built and equipped out of the money so borrowed, that the mortgage is to cover the property as it is acquired.    By virtue of the scheme of the statute, therefore, the common-law rule is superseded, and the actual lien of the mortgage attaches to after-acquired property, and is prior to the lien of subsequent attaching or judgment creditors.    Though this reason is not given for it, this is the rule in the United States courts.    Pennock v. Coe, 23 How. 117; Thompson v. Railroad Co., 132 U. S. 68, 10 Sup. Ct. 29; Trust Co. v. Kneeland, 138 U. S. 414, 11 Sup. Ct. 357.

I think the petitioner must fail for another reason.    If the lien of the mortgage be treated as only equitable, it was made actual and effectual by the receiver's taking possession of the property in the action in aid of the foreclosure of the mortgage.

The motion is denied.