of. The circumstances attending the creation of this claim authorized its entire rejection. If, however, full effect was given to the whole consideration claimed, it still failed of being adequate for the property conveyed, upon a conceded valuation, by between five and six thousand dollars. Within the authorities cited, the court was clearly authorized to make the finding which it did. Fuller v. Brown, 76 Hun, 557, 28 N. Y. Supp. 189; Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082.

The judgment should be affirmed, with costs. All concur.

(9 App. Div. 87.)

PLATT et al. v. NEW YORK & S. B. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

RAILROAD COMPANIES—MORTGAGES—AFTER-ACQUIRED PROPERTY.
Under Laws 1850, c. 140, § 10, authorizing railroad companies to borrow money in advance to build their roads and to issue bonds therefor secured by a mortgage on their franchises and property, a mortgage made by a railroad company for such purpose covers after-acquired chattels, and the rule that a mortgage purporting to cover chattels to be thereafter acquired is only an agreement to give a lien on them as they are acquired does not apply. 39 N. Y. Supp. 871, affirmed.

Appeal from special term, Kings county.

Action by William O. Platt and another, as trustees, against the New York & Sea Beach Railway Company and Sophia M. Onderdonk, to foreclose a mortgage. From an order denying the petition of August Meidling, Jr., a judgment creditor of defendant railway company, to vacate an order appointing a receiver, and also a judgment entered in the action or to modify the same, petitioner appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Joseph Wamsley, for appellant.
Frederic A. Ward, for respondent James T. Nelson, receiver.
Thomas J. Sanson, for respondents Platt and Man.

HATCH, J. The validity of the mortgage is not controverted. But it is claimed that under it no lien was acquired upon the personal property purchased subsequent to its execution as against the petitioner herein. That the lien should attach to after-acquired property is within the express terms of the mortgage, and it is not disputed that such is its effect as between the parties thereto. By the provisions of the statute (Laws 1850, c. 140, § 10), authority was conferred to mortgage the corporate property and franchises for the purpose of completing, furnishing, or operating the railroad; and this authority has been continued in the same language under the revision of the railroad law (Laws 1892, c. 676, § 4, subd. 10). The statute contemplates that it may be necessary to borrow money for the purpose of the physical creation of the road and putting it in operation. It is quite evident that in the accomplishment of this purpose property would be created and acquired that had no actual

or potential existence at the time when the loan was made and the mortgage given. It is the usual course of procedure in the construction of a railroad that money is raised by mortgage upon its property, and that the structure is built and operated to a large extent by means of the loans thus obtained, and much of the property is created and acquired after the loan is made. The statute makes no distinction between property necessary for the completion and furnishing of the road and that which is essential to its operation. By the terms of the law, therefore, it was contemplated that for the money thus obtained the property acquired should be pledged as the security for its repayment, and this cannot be accomplished without holding that the lien of the mortgage attaches to such property as shall be necessary for that purpose, whether in existence at the time when the mortgage is given or is subsequently acquired, and whether such property be such as is denominated "real" or "personal." So it was early held that such a mortgage created, in equity, a lien upon property subsequently acquired superior to the lien of a subsequent incumbrancer by mortgage or judgment. Seymour v. Railroad Co., 25 Barb. 284; Benjamin v. Railroad Co., 49 Barb. 447; Stevens v. Watson, 4 Abb. Dec. 302. In those cases the question arose respecting liens upon subsequently acquired real property. But the discussion shows that the court considered the rule applicable as well to personal as to real property. Such has been the uniform rule applied in the federal courts. Mitchell v. Winslow, 2 Story, 630, Fed. Cas. No. 9,673; Trust Co. v. Kneeland, 138 U. S. 419, 11 Sup. Ct. 357. The difficulties which have arisen relate not so much to the recognition of the mortgage as a lien, for the doctrine of the above-cited cases has never been questioned, but rather to the steps necessary to be taken to evidence the lien. The first debate arose over the question whether the rolling stock and equipment of the road retained its character as personal property, and, if so, was it requisite that it should be filed as a mortgage of chattels. The supreme court divided upon the question, and decisions were rendered both ways. The court of appeals in Hoyle v. Railroad Co., 54 N. Y. 314, settled the question by holding that it was personal property, and that the mortgage covering it must be filed as a mortgage of chattels, as prescribed by the act of 1833, or the same would be void as against the general creditors of the corporation. To meet this conclusion, the legislature in 1868 passed an act (Laws 1868, c. 779), providing that it shall not be necessary to file such mortgage as a mortgage of chattels when it covers real and personal property, and is recorded as a mortgage of real estate in each county in or through which the railroad runs. By this act the status of such property, so far as it relates to liens by way of mortgage, is made practically subject to the same rules, and is placed upon the same footing, as real property. The business carried on by railroads, the great extent of territory which they cover, and the fact that the rolling stock is at all times widely distributed, not only throughout the state through which its lines mainly run, but also throughout the different states of the Union, creates an essential difference between it and property whose situs

is practically fixed. This, coupled with the necessity which exists. for certainty of security to those advancing money, usually in very large amounts, upon the faith of railroad property, and the practical difficulty, if not impossibility, of a railroad being able to realize upon its property in this manner, if the technical rules respecting liens upon personal property should obtain, evidently created an intent in the mind of the legislature to make such property subject to the same rules, so far as practicable, as apply to liens upon real property. It is quite evident that, if it should be held necessary to constantly revise such a mortgage, in order to cover what has been, it may be, purchased by the money advanced or to supply operating needs, and replenish what is destroyed, it would render such security so doubtful and precarious as not only to impair, but to practically destroy, its value. We can see no reason for drawing a distinction in this regard between real and personal property. On the contrary, as the authority for the mortgage of both is derived from the same source, and the same reasons exist why both should be available and answerable as security, we think it more in harmony with the legislative intent to subject it to the same rules. New York Security & Trust Co. v. Saratoga Gas & Electric Light Co., 88 Hun, 569, 34 N. Y. Supp. 890. This view does not bring us in conflict with Distilling Co. v. Rasey, 142 N. Y. 570, 37 N. E. 632. That case proceeded upon the well-settled legal rule that a mortgage of chattels having no actual or potential existence when the mortgage was given is void as to intervening creditors. For reasons already stated, that rule has no application to a mortgage of this character.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.