(63 App. Div. 401.)

### MAN et al. v. NEW YORK & S. B. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department.   July 25, 1901.)

1. MORTGAGES—RAILROADS—FORECLOSURE—RECEIVERS.

Where, in proceedings to foreclose a mortgage on railroad properties, the order appointing a receiver erroneously appoints him as receiver of the entire property of the railroad, and he receives moneys earned by the road before his appointment, a receiver appointed in a creditors' suit against the road may have the right to possession of such moneys decided in the foreclosure proceedings.

2. SAME—AUTHORITY OF COURT.

In proceedings to foreclose a mortgage on railroad properties, the order appointing a receiver erroneously embraced the entire property, instead of only that covered by the mortgage, and under such order the receiver took moneys earned by the road before his appointment.   A second receiver, appointed in a creditors' suit against the road, made application under Laws 1898, c. 534, for an order to compel the first receiver to submit to an examination concerning the moneys and accounts; but the examination, though begun, was never completed, because the receiver finally refused to submit.   *Held*, that a motion for an accounting by the second receiver, made in the foreclosure proceedings, should not be refused on the ground that the examination was not completed, since the court had power to make such order independent of the act.

3. SAME—TRIAL—OBJECTIONS.

If the act was necessary, the order should not be refused, since the first receiver could not raise the objection that the examination was not completed, he having refused to submit.

4. RECEIVERS—APPOINTMENT—ORDER.

In proceedings to foreclose a mortgage on railroad properties, an order appointing a receiver of the entire property of the road was void as to all property not covered by the mortgage.

5. RAILROADS—MORTGAGES—FUTURE EARNINGS.

Where a mortgage on a railroad included appurtenances, rents, income, and profits, present and future, but subject to the continued possession and management of the railroad company, including the receipt of rents, income, etc., with power to sell stock and collect earnings, the mortgage did not include cash on hand and in bank at the time of the appointment of a receiver in foreclosure proceedings.

6. SAME—EVIDENCE—SUFFICIENCY.

In proceedings to foreclose a mortgage on a railroad, which did not include earnings received before the appointment of a receiver, a receiver appointed on January 11th and qualifying on January 16th took possession of cash on hand and in bank, and refused to submit to an examination regarding such sums under an order in a creditors' suit.   *Held*, that the facts were prima facie sufficient to show that the sums were earned before the receiver's appointment, and he could not raise the objection that the evidence was not conclusive.

7. RECEIVERS PENDENTE LITE—TITLE—INCEPTION.

Though ordinarily the title of a receiver relates back from his qualification to his appointment, the title of a receiver pendente lite must be regarded with respect only to the right of possession which alone is conferred.

Appeal from special term, Kings county.

Proceedings by William Man and another against the New York & Sea Beach Railway Company and another for the foreclosure of a mortgage.   There was a motion by George Edwin Joseph, who had been appointed receiver of the railway company in an action by a judgment creditor, for an order to compel an accounting to him by

71 N.Y.S.—58

the receiver appointed in the foreclosure proceedings. From a judg-
ment denying the motion, said Joseph appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, and SEWELL, JJ.

Joseph Wamsley, for appellant.
Henry H. Man, for respondents.

HIRSCHBERG, J. The plaintiffs, named as trustee mortgagees
in a second mortgage upon certain railroad property of the New
York & Sea Beach Railway Company, commenced this action for fore-
closure, and James T. Nelson was duly appointed receiver in the
action by an order of the supreme court, January 11, 1896. By the
terms of the order, Nelson was not only appointed receiver of the
mortgaged property, but also of the corporation itself, and of all its
property, assets, securities, money, books of account, "real, personal,
and mixed, of whatever kind and description, and wherever situated."
He qualified on January 16, 1896, and took possession of the corpora-
tion and its property on that day. Judgment of foreclosure and sale
was made and entered on or about April 14, 1896, under the terms
of which the mortgaged property was sold to the plaintiffs, by whom
it has since been conveyed to the present corporate owner pursuant
to a suitable reorganization scheme. One accounting has been had by
the receiver Nelson, but his accounts have not been finally passed
upon, and he has not been discharged. In an action duly brought by
or on behalf of one August Meidling, Jr., a judgment creditor of the
corporation, under section 1784 of the Code of Civil Procedure, in seq-
uestration proceedings, George Edwin Joseph was thereafter duly
appointed permanent receiver of the New York & Sea Beach Rail-
way Company, and as such receiver he duly qualified and entered
upon the discharge of his duties on or about January 24, 1899. At
the time when Nelson took possession of the property of the company,.
there was on deposit to its credit in the Bank of America the sum of
$3,560.96, and cash to the amount of $158.85 was then in the hands
of the treasurer. Nelson took possession of these sums, and still
has them, excepting as they may have been disbursed by him in the
course of the proceedings incident to his receivership. Prior to the
present proceedings, Joseph gave and published the usual notice of
his appointment, and demand for the delivery to him of the property
and effects of the corporation; but neither the cash referred to nor
the books of account of the company have been delivered to him by
Nelson, and his right to such delivery is disputed and contested. On
application of the permanent receiver, pursuant to the terms of
chapter 534 of the Laws of 1898, entitled "An act to facilitate the col-
lection and recovery of the assets of corporations for which receivers
have been appointed," an order was made on the 7th day of August,
1899, in the supreme court in the First department, requiring Re-
ceiver Nelson to appear before a referee, and submit to an examina-
tion concerning the possession of the money and account books re-
ferred to, and of which money and account books the order recites-
possession had been duly demanded by the permanent receiver.
Nelson appeared before the referee, and submitted to the examina-
tion, on the day named in the order and on subsequent adjourned days..

In the course of the examination the referee made a written order requiring the production before him by Nelson of the account books of the company, which order was personally served on the latter; but by advice of his counsel he thereafter refused to attend before the referee, to submit to any further examination, or to produce the books. His default was thereupon noted by the referee, and the examination and proceedings reported to the court, but no steps taken to punish as for a contempt. Thereafter the present proceedings were instituted by the permanent receiver. They consist of an application to the court at special term in the foreclosure suit for an order (1) declaring null and void so much of the order appointing Mr. Nelson receiver as assumes to appoint him receiver of the railroad company, and of its moneys and rents, profits and income, due and accrued to the company at the time of such appointment; (2) declaring at the foot of the foreclosure judgment that the mortgage foreclosed was not a lien on the rents, income, profits, and other earnings of the company due, accrued, or earned prior to the entry and possession of Nelson; and (3) requiring Nelson to deliver to the permanent receiver the books and vouchers of the company, and to pay over to him the sum of $3,719.81, items of cash hereinbefore referred to. The court denied the motion, in the language of the order entered on such denial, "without costs, and without prejudice, so far as the main question involved is concerned, to an application in some other fashion; said main question being, in substance, whether or not certain moneys claimed by the moving party to have come to the hands of said James T. Nelson as receiver of the property of the New York & Sea Beach Railway Company were or were not subject to the lien of the mortgage to foreclose which this action was brought"; and from that order this appeal is taken.

I see no good reason why the "main question" should not be decided in this proceeding. There is no dispute whatever about the facts, and the question presented is one of law, involving only the right to possession as between the two receivers. The learned justice at special term appears to have been controlled, not by any serious doubt as to the respective legal rights of the parties, but rather by the fact that Nelson's examination was not concluded as required by chapter 534, § 5, of the act of 1898, as a preliminary to the ordering by the court of the delivery to the receiver of the property wrongfully concealed or withheld. The act, however, was not necessary in order to confer upon the court power to require one of its receivers to deliver property to another in a proper case; but, were it otherwise, it may easily be conceived that an examination is concluded when the witness refuses to longer submit to it, and that he, at all events, cannot claim privilege or immunity on that score. Nor can it be justly said that there is no concealment or withholding of property when the party in possession—a receiver appointed by the court—refuses to produce such property in obedience to a lawful mandate of the court, or to disclose the facts within his knowledge bearing upon his right and title to its possession. It must be conceded that the order under which Nelson was appointed, in so far as it appoints him receiver of the company, or of any of the company's property not covered by the lien of the mortgage, is wholly void for want of jurisdic-

tion. To that extent the court was powerless, and its action a nullity. No statute authorizes it, and no inherent power exists to warrant it. Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480; United States Trust Co. v. New York, W. S. & B. Ry. Co., 101 N. Y. 478, 5 N. E. 316; Clapp v. McCabe, 84 Hun, 379, 32 N. Y. Supp. 425, affirmed in 155 N. Y. 525, 50 N. E. 274; Stokes v. Hoffman House, 46 App. Div. 120, 61 N. Y. Supp. 821. In Whitney v. Railroad Co., 32 Hun, 164, it was held that a second receiver of a railroad company may object to the invalidity of an order appointing the first, and that, as such an order interferes with and injuriously affects the former in the discharge of his duties as receiver, he has a right to make a motion to correct it. The power of the court in this case was limited to the appointment of a receiver of the mortgaged property. In Clapp v. McCabe, supra, it was held that the power of the court applies only to the cause of action stated in the complaint; that its scope must be determined by the pleadings; that the rule that a party plaintiff is not entitled to judgment upon a matter not embraced in the complaint is jurisdictional; that it is not sufficient that the judgment is within the general power of the court, or that it adjudicates upon a matter over which it has general jurisdiction; but that it must appear that the proceeding in which the judgment was rendered was one that brought the power of the court into action. It necessarily follows that the appellant was entitled, in aid of his appointment as permanent receiver, and for the sequestration of the property of the railroad company, and in order to enable him without cloud or embarrassment to discharge his duties as such, to an order declaring that the order appointing Nelson receiver of the company and of its property not covered by or embraced within the lien of the mortgage was to that extent null and void.

It cannot be said to be seriously contended by the respondents that the cash on hand and in bank at the time of Nelson's appointment was covered by the lien of the mortgage. The property covered by the terms of the mortgage was the railroad as such, and its incidental and characteristic railroad property and adjuncts, real and personal, present and prospective, in most ample terms, "with all and singular the appurtenances to the aforesaid premises belonging, and the rents, income, and profits of the same, and all the franchises and other rights, present and future, including the franchise to be a corporation," etc. But the incumbrance was expressly declared to be subject to the continued possession and management by the railroad company of the property, "including the receipt of the rents, income, issues, and profits aforesaid"; and nothing was to be construed, provided the company complied with the terms of the mortgage, to prevent it "from selling, hypothecating, or otherwise disposing of any stocks, bonds, mortgages, or other securities which may belong to said company, nor from collecting moneys due or to become due to said company as and for the earnings, rentals, and other profits of its property." There is no line or suggestion in the mortgage that its lien was to cover or embrace the cash so collected and received by the company in the course of its management and operation until default and consequent entry and possession by the mortgagees. That, under such circumstances, the money received by the

company before the appointment of the receiver in foreclosure must be regarded as the property of the general creditors in sequestration, would seem to be settled by the decision in New York Security Co. v. Saratoga Gas & Electric Light Co., 159 N. Y. 137, 53 N. E. 758, wherein the court of appeals held that, where a corporate mortgage purports to include future earnings and products, as between a receiver appointed in a sequestration action instituted by a general judgment creditor and a receiver appointed at the same time in an action for the foreclosure of the mortgage, the sequestration receiver has the superior rights in debts and accounts due to the corporation upon sales by it of products of its plant, produced after the giving of the mortgage and before the appointment of either receiver. Of course, it is not necessary to go as far in this case as in the case cited, for here the cash was not only earned, but had been actually paid over to the corporation. It was in its actual possession in accordance with the provisions of the mortgage. The right to possession included the right to its use and application in the business of the company, and subjected it to the claims of the general creditors, freed from the lien of the mortgage which provided and contemplated such possession and use.

The respondents claim that the evidence is not conclusive that the funds in question were earned prior to the appointment of Nelson. He was appointed, as has been said, January 11th, and qualified January 16th, and the suggestion is that the money might have been earned in the interim. As he refused, however, to submit to examination upon this question, he cannot avail himself of the point, assuming it to be good. The case is prima facie sufficient. Moreover, while it is true that, where title is conferred upon a receiver, it relates back upon qualification to the date of appointment, a receiver to hold property during the pendency of an action is on a different footing, and must, of necessity, be regarded with respect only to the right of possession, which is alone conferred. The case of Platt v. Railroad Co., 9 App. Div. 87, 41 N. Y. Supp. 42, affirmed on the opinion of this court in 153 N. Y. 670, 48 N. E. 1106, does not conflict with the case of New York Security Co. v. Saratoga Gas & Electric Light Co., supra, nor is it to be distinguished therefrom to the respondents' advantage. The proceeding in that case was instituted by August Meidling, the judgment creditor who instituted the present sequestration action; but his application, as appears by the opinion delivered at the special term (17 Misc. Rep. 22, 39 N. Y. Supp. 871), was to be permitted to levy upon cars of the company acquired after the making of the mortgage. That property was specifically included in the mortgage as property after-acquired, while the money of the company was not. The opinion in this court sustaining the decision at the special term was limited to the effect that the mortgage covered such property as was subsequently acquired by the corporation for the purpose of completing, furnishing, or operating its road. The principle applicable to earnings prior to the receivership enunciated in New York Security Co. v. Saratoga Gas & Electric Light Co., 159 N. Y., at page 142, 53 N. E., at page 759, is controlling. The court said:

"The right of the mortgagor to deal with these products and earnings as its own under the sti :ions of the mortgage has already been noticed.

That right, it seems to me, is entirely inconsistent with the existence of any lien upon future products or earnings by the mortgagee. The latter could not have a lien upon such earnings or products while the mortgagor was permitted to use them for the conduct of its business and the payment of its current debts."

In Gilman v. Telegraph Co., 91 U. S. 603, 23 L. Ed. 405, the mortgage covered "all rents, issues, income, tolls, profits, currency, moneys," etc.; but the court said (page 617, 91 U. S., page 410, 23 L. Ed.):

"It is clearly implied in these mortgages that the railroad company should have possession and receive the earnings until the mortgagees should take possession, or the proper judicial authority should interpose. Possession draws after it the right to receive and apply the income. Without this the road could not be operated, and no profit could be made. Mere possession would have been useless to all concerned. The right to apply enough of the income to operate the road will not be questioned. The amount to be so applied was within the discretion of the company. The same discretion extended to the surplus. It was for the company to decide what should be done with it. In this condition of things the whole fund belonged to the company, and was subject to its control. It was, therefore, liable to the creditors of the company as if the mortgages did not exist. They in no wise affected it."

Enough has been said to indicate that the other points urged by the respondents, to the effect that the permanent receiver is barred by laches, or bound by the former adjudications herein, are unavailing. He should have the money and the books. He is entitled to an adjudication that so much of the order appointing Nelson receiver as purported to appoint him receiver of the railroad company, and of its moneys, rents, profits, and income due and accrued to the company at the time of his appointment, is null and void. The denial at the special term of his application for a modification of the foreclosure judgment in declaration of the limitation of the mortgage lien may be upheld without prejudice to further proceedings on due notice to all concerned, if the permanent receiver be so advised; and the relief granted on this appeal should be with $10 costs and disbursements. All concur.