(114 App. Div. 886)

## WASHINGTON TRUST CO. OF CITY OF NEW YORK v. MORSE IRON WORKS & DRY DOCK CO. et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

CHATTEL MORTGAGES—CONDITIONAL SALES—RIGHTS OF SELLER—FORECLOSURE OF MORTGAGE ON PROPERTY SOLD.

    Property sold by a conditional sale became part of a manufacturing plant, which was covered by a mortgage purporting to convey after-acquired property. Before the purchase price was paid, the mortgage was foreclosed, and the seller of the property, intervening, was held entitled to receive from the proceeds of the foreclosure the amount still due on the price. *Held*, that the payment of the mortgage bonds by the creditors of the mortgagor did not entitle them to have the foreclosure sale stayed.

Cross-Appeals from Special Term, Kings County.

Action by the Washington Trust Company of the City of New York, as trustee, against the Morse Iron Works & Dry Dock Company and others, in which the Prindle Engineering Company intervened. From an order directing the stay of a sale of the mortgaged premises and denying motions of certain of the defendants, the Prindle Engineering Company and Henry T. Petze, as trustee in bankruptcy of the Morse Iron Works & Dry Dock Company and others prosecute cross-appeals. Order reversed in part, and affirmed in part.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Henry Galbraith Ward (George M. Clarke, on the brief), for Prindle Engineering Co.

David McClure, for Henry H. Petze, as trustee, and others.

WOODWARD, J. In April, 1900, the Morse Iron Works & Dry Dock Company mortgaged all its property and appurtenances, acquired and to be acquired, to the plaintiff as trustee, to secure the payment of its bonds, amounting in the aggregate to $450,000. Subsequently and in September, 1900, the Morse Company entered into a contract with the defendant Prindle Enginering Company for the construction of a flooding and pumping plant in the Morse Company's dry dock, which was essential to the operation of the Morse Company's plant. The Morse Company defaulted in its bond payments and this action was brought to foreclose the mortgage; the Prindle Company intervening. The question involved in the litigation, and which was disposed of on appeal (Washington Trust Co. v. Morse Iron Works, 106 App. Div. 195, 94 N. Y. Supp. 495), was whether the Prindle Company had a right to have its pumping plant considered as a part of the mortgaged premises, and to have the balance due upon its contract for such plant paid before the other creditors, or whether it was bound to rely upon its ownership of the property under the terms of its contract, and have resort to the property for the payment of the same. This court in a carefully considered opinion held that the Prindle Company's property was merged in that of the Morse Company; that that company had a mortgageable interest in the property, and that it was proper that a court of equity should take the same and pay the balance due under the contract before payment of other creditors. The creditors subsequently paid the bonds in an effort to protect themselves, and the referee having advertised the premises for sale, at the request of the Prindle Company, which was interested to have its claim paid, an order was procured at Special Term staying the sale, and the principal question on this appeal is the legality of this order.

If this court was right in its adjudication that the property which had been furnished by the Prindle Company was subject to the mortgage of the plaintiff, the Prindle Company being foreclosed by the judgment to assert any property in the pumping plant, then this order should not be permitted to stand; for it in effect reverses the decision of this court, without restoring to the Prindle Company its right of property. It seems clear to us that the creditors by paying the bonds

could not thus defeat the judgment which had been rendered in a court of competent jurisdiction, and deprive the defendant the Prindle Company of its rights under such judgment. The same reasoning which prevailed in this court upon the original appeal makes it clear that the Prindle Company cannot thus be deprived of the benefit of the adjudication; all parties conceding that it has a valid right to compensation, either by resort to the specific property or under the judgment.

The order, in so far as it stays the sale of the premises and the discharge of the obligation to the Prindle Company, should be reversed, and as to the other matters it should be affirmed.

Order, in so far as it stays the sale of the premises and the discharge of the obligation to the Prindle Company, reversed, and, as so modified, affirmed, with $10 costs and disbursements to the Prindle Company. All concur.