THE PEOPLE OF THE STATE OF NEW YORK ex rel. 62 CORPORATION, Appellant, against WILLIAM S. MILLER et al., as Commissioners, Constituting the Tax Commission of the City of New York, Respondents. (1933, 1934, 1935, 1936, 1937, 1938–9, 1939–40, 1940–1 and 1941–2 Taxes. Block 242, Lot 27.)

Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

GERTRUDE A. CALDWELL, Respondent, v. RICHARD T. CALDWELL, Appellant.—

No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Respondent, v. WILLIAM F. REA et al., Defendents, and FLORAL PLUMBING SUPPLY Co., INC., Appellant.—

Plaintiff, as mortgagee, seeks to apply to those plumbing supplies the after-acquired personal property clause of its mortgage. No facts are alleged in the complaint entitling plaintiff to that relief. (*Mfrs. Trust Co.* v. *Peck-Schwartz R. Corp.,* 277 N. Y. 283, 285, 286.) Appeal from order denying appellant's motion to open its default dismissed, without costs. The appeal from the order denying appellant's motion to open its default has become academic. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

In the Matter of the Arbitration Between DRUG STORE EMPLOYEES UNION OF GREATER NEW YORK, LOCAL 1185, A.F.L., Appellant and Respondent, and REID & YEOMANS, INC., Respondent and Appellant.—

Where the question of law involved appears, as here, on the face of the award, the award may be set aside for error of law. (*Fudickar* v. *Guardian Mutual Life Ins. Co.,* 62 N. Y. 392.) The contract was essentially one between the employer and the union. To the extent that it may under all circumstances be deemed a contract between employer and employee, it is at will and the employees are not entitled to wages from the time of the fire. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.