■ CHARLES W. PARKER, Respondent, v. NATHAN BOROCK, as Receiver of VOGES MANUFACTURING COMPANY, INC., Appellant.— Appeal from an order denying a motion for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion granted. This is an action to recover damages for the wrongful discharge of respondent, a member of a labor union which had entered into a collective bargaining agreement with the employer, a domestic corporation, for which appellant is acting as receiver by orders made by the United States District Court for the Eastern District of New York. This collective bargaining agreement, as amended, was adopted by appellant pursuant to the direction of the United States District Court. Upon a prior appeal,

without passing upon the merits of respondent's action or the sufficiency of his complaint, which issues were not properly raised thereon, we affirmed an order denying a motion to stay respondent from proceeding with this action. (*Parker* v. *Borock,* 286 App. Div. 851.) The majority of this court held that the collective bargaining agreement between the union and the employer, insofar as justifiable discharge or discipline was involved, did not give rise to a right in respondent to seek arbitration or to require the union to seek arbitration at his request. The papers on appeal disclosed no dispute between the union and the employer as to the right to discharge respondent. Such dispute was, under the terms of the collective bargaining agreement, a condition precedent to any obligation to have arbitration. Upon the present appeal, the motion for summary judgment raises the questions of respondent's individual capacity to maintain this action, and of a showing of merit in the cause of action alleged by him. Though concededly appellant is engaged in interstate commerce, State law governs in determining the rights of the union and the individual members thereof to maintain actions under the collective bargaining agreement. (*Employees* v. *Westinghouse Corp.,* 348 U. S. 437, 460; *Case Co.* v. *Labor Bd.,* 321 U. S. 332, 339.) In this jurisdiction, each particular case turns upon consideration of the specific language used in the collective bargaining agreement under review, and of the circumstances in which the agreement was concluded, as definitive of an individual employee's right to sue thereunder. (*Rotnofsky* v. *Capitol Distrs. Corp.,* 262 App. Div. 521, 523; *Hudak* v. *Hornell Inds.,* 304 N. Y. 207, 212–213, 214; *Donato* v. *American Locomotive Co.,* 283 App. Div. 410, 416; *Rolandez* v. *Star Liq. Dealers,* 257 App. Div. 97, 99; *Ott* v. *Metropolitan Jockey Club,* 282 App. Div. 946, affd. 307 N. Y. 696; *Bianculli* v. *Brooklyn Union Gas Co.,* 115 N. Y. S. 2d 715, 718.) Under the circumstances of this case, we conclude that respondent has a right to sue the employer or appellant, as its successor, under the collective bargaining agreement herein involved. That adjective right, however, must be supplemented by an adequate showing of substantive right to maintain the action. (5 Carmody-Wait Cyclopedia of New York Practice 20.) In the papers on appeal herein, no more appears than that respondent was entitled to the working conditions embraced in the collective bargaining agreement so long as he worked, and it is apparent that he has failed to show any element of individual tenure in his position which, for aught that appears, is only one of employee at will. (*Matter of Drug Store Employees Union of Greater N. Y.* [*Reid & Yeomans*], 265 App. Div. 870.) Respondent has thus failed to sustain the burden incumbent upon him of alleging a hiring for a definite term of employment (*Watson* v. *Gugino,* 204 N. Y. 535, 541; *Varney* v. *Ditmars,* 217 N. Y. 223, 228), and has failed to develop a bona fide issue for trial. (*Curry* v. *Mackenzie,* 239 N. Y. 267.) Appellant's motion for summary judgment, therefore, should have been granted. Wenzel, Ughetta and Hallinan, JJ., concur; Murphy, J., concurs in result; Nolan, P. J., dissents and votes to affirm.